IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WALTER MITCHELL, #23020388, Petitioner, v. DALLAS COUNTY COURTS, et al., Respondents. | § § § § § § § § | No. 3:23-cv-02378-K (BT) |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Walter Mitchell, a former pretrial detainee at Dallas County Jail in Dallas, Texas, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241. For the following reasons, the Court should DISMISS the petition as moot.

I.

Mitchell initiated this action on October 11, 2023, when he was a pretrial detainee at Dallas County Jail. *See* Pet. (ECF No. 3). Mitchell argues: (1) he was denied access to legal research materials, including a "law library," so he could not prepare his case; (2) Dallas County made his right to petition for redress "virtually impossible"; (3) he was denied the right to appointed counsel, and the court "rescheduled [his] appearance without notice"; and (4) he was not served with a valid copy of the case-related materials. *Id.* at 2-3. Michell concludes that he is being "falsely imprisoned without constitutional process." *Id.* at 3.

1

II.

To be eligible for habeas relief under § 2241, a petitioner must be in custody. *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987); *see also Houston v. Westfall*, 31 F. App'x 154 (5th Cir. 2001) (per curiam) (citing *Dickerson*, 816 F.2d at 224). A § 2241 petition is rendered moot "when the court cannot grant the relief requested by the moving party." *Salgado v. Fed. Bureau of Prisons*, 220 F. App'x 256, 257 (5th Cir. 2007) (per curiam) (citing *Brown v. Resor*, 407 F.2d 282, 283 (5th Cir. 1969)); *see also Bailey v. Southerland*, 821 F.2d 277, 278 (5th Cir. 1987). A case is moot when it "presents no Article III case or controversy, and a court has no constitutional jurisdiction to resolve the issue it presents." *Adair v. Dretke*, 150 F. App'x. 329, 331 (5th Cir. 2005) (per curiam) (quoting *Goldin v. Bartholow*, 166 F.3d 710, 717 (5th Cir. 1999) (internal citations omitted)).

Here, Mitchell seeks relief from incarceration at Dallas County Jail. *See* Pet. 3 (ECF No. 3). However, on November 28, 2023, the Court received Mitchell's notice of change of address. (ECF No. 6.) Mitchell is no longer incarcerated at Dallas County Jail. *Id.* (change of address); *see also* https://www.dallascounty.org/jaillookup/searchByName (last visited Jan. 17, 2024). Because the Court cannot grant the relief Mitchell seeks—release from imprisonment—his petition is moot, and the Court should dismiss it as such. *See Salgado*, 220 F. App'x at 257.

III.

Mitchell also appears to make claims that should be brought as civil rights claims under 42 U.S.C. § 1983. Specifically, Mitchell alleges that, while he was incarcerated at Dallas County Jail, he was refused a wheelchair and assaulted. Pet 2 (ECF No. 3). Mitchell claims that because of the assault, his bones may now be broken. As relief, Mitchell seeks to be reimbursed for the financial losses he sustained and to have the papers related to his detention at Dallas County Jail "expunged." Am. Pet. 7 (ECF No. 9).

"[N]either habeas nor civil rights relief can be had absent the allegation by a plaintiff that he or she has been deprived of some right secured to him or her by the United States Constitution or the laws of the United States." *Hilliard v. Bd. Of Pardons and Paroles*, 759 F.2d 1190, 1192 (5th Cir. 1985) (quoting *Irving v. Thigpen*, 732 F.2d 1215, 1216 (5th Cir. 1984)). When a favorable determination of the prisoner's claim would not automatically entitle him to accelerated release, the court should analyze the claim as a civil rights claim. *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995). The Clerk of Court will be directed to mail Mitchell a copy of the Court's standard 42 U.S.C. § 1983 form so he can pursue his civil rights claims in a separate action.

IV.

The Court should DISMISS Mitchell's § 2241 petition as moot.

The Court requests the Clerk to mail Mitchell a copy of the Court's standard § 1983 form so he can pursue his civil rights claims in a separate action.

Signed January 19, 2024.

                                                REBECCA RUTHERFORD
                                                UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).